# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HARTFORD UNDERWRITERS INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 15-CV-119-JED-PJC<br>) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 22) filed by the defendant, State Farm Mutual Automobile Insurance Company (State Farm).

## I. Background

Plaintiff, Hartford Underwriters Insurance Company (Hartford), initiated this action based upon diversity jurisdiction. Charles Dawson, now deceased, was injured in an automobile accident in Kansas. At the time of the accident, Dawson was acting in the course and scope of his employment. Dawson was deemed an Oklahoma employee, and he accepted benefits under Oklahoma's workers' compensation law. Hartford was the workers' compensation insurance carrier for Dawson's employer, and Hartford made the workers' compensation payments to Dawson.

Dawson sued the estate of the third party tortfeasor in Sedgwick County, Kansas district court. On September 18, 2012, the judge in the Kansas case entered a Journal Entry of Judgment awarding Dawson a total of $688,217.93 in damages against the tortfeasor's estate. Dawson

entered into a settlement agreement with the tortfeasor's estate and State Farm, which was the tortfeasor's automobile insurance carrier, for a total payment of the policy limits of $100,000.00. State Farm deposited its policy limits with the Kansas court, which ordered payout of the settlement funds to Dawson.

In this case, Hartford alleges that it was "statutorily assigned Dawson's claim against the tortfeasor to the extent of the payments [Hartford] made for workers' compensation benefits" and that Hartford "is entitled to recoupment of its payments from Dawson [under Oklahoma law]." (Doc. 2 at 3, ¶¶ 16-17). Hartford further alleges that "State Farm['s] distribution of the settlement funds were wrongful payments in derogation of [Hartford's] statutorily assigned interest in Dawson's settlement funds, made after [defendant was] placed on notice of [Hartford's] interest." (*Id.* at ¶ 18).

State Farm alleges that: Hartford has not stated a claim; the Court lacks subject matter jurisdiction and personal jurisdiction over State Farm; and venue here is improper.

## II. Discussion

### A. Plaintiff has stated a plausible claim

State Farm moves for dismissal under Fed. R. Civ. P. 12(b)(6), arguing that Kansas workers' compensation law does not provide an abrogation claim. (*See* Doc. 22 at 14 [incorporating arguments from Doc. 18]). On a Rule 12(b)(6) motion, the Court must determine whether Hartford has stated a claim to relief under Count One that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-569 (2007). In making that determination, the Court must accept all well-pleaded allegations of the Complaint as true, even if doubtful, and must construe the allegations most favorably to the plaintiff. *See id.* at 555.

2

In this case, Hartford's Complaint cites the Oklahoma workers' compensation statutes as the basis for its right to recover in this case. As noted, the payments Hartford made to Dawson were made via the Oklahoma workers' compensation court, not the Kansas court. At this time, and without deciding the ultimate question of whether or not Hartford is entitled to recover under Oklahoma workers' compensation law, the Court determines that Hartford has stated a plausible claim to recover money from State Farm.

B. **The Court has subject matter jurisdiction**

This action is based on diversity jurisdiction under 28 U.S.C. § 1332. To meet diversity jurisdiction, a plaintiff must establish that there is complete diversity and the value of the claim exceeds $75,000. *Id.* A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In its Complaint, Hartford asserts that it is incorporated in Connecticut with its principle place of business in Connecticut, and State Farm does not challenge that jurisdictional allegation. State Farm is incorporated in Illinois with its principle place of business in Illinois. Thus, diversity exists. Hartford also alleges that it paid more than $200,000 in medical benefits and indemnity to and on behalf of Dawson and claims to be owed more than $75,000 based on those payments. Both diversity and the amount in controversy are satisfied, and the Court has subject matter jurisdiction.

Characterizing this case as a collateral attack on the Kansas District Court's Order to pay out settlement funds, State Farm argues that this Court lacks subject matter jurisdiction over Harford's claim. Collateral estoppel or claim preclusion is an affirmative defense, which the defendant must plead and prove. *See Pelt v. Utah*, 539 F.3d 1271, 1283 (10th Cir. 2008). "Under Tenth Circuit law, claim preclusion applies when three elements exist: (1) a final judgment on the

3

merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Id.* (quoting *MACTEC Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005)). Hartford was not a party in the Kansas suit, and that suit involved a personal injury claim between Dawson and the third-party tortfeasor, whereas this suit is between a workers' compensation insurer (Hartford) and the third-party tortfeasor's automobile insurer (State Farm) in a subrogation-type matter. It is not a collateral attack because Hartford does not seek to overrule a previous judgment, and there is no privity of parties or identity of causes.

Because diversity jurisdiction exists, State Farm's Motion to Dismiss for lack of subject matter jurisdiction will be **denied**.

### C. The Court has personal jurisdiction

State Farm argues that this Court does not have personal jurisdiction over it. For a court to exercise personal jurisdiction over a nonresident defendant, the plaintiff must demonstrate the existence of facts satisfying both the forum's long-arm statute and the Due Process Clause of the United States Constitution. *See Niemi v. Lasshofer*, 770 F.3d 1331, 1348 (10th Cir. 2014). "Because Oklahoma's long-arm statute permits the exercise of any jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry." *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (citing *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1416 (10th Cir. 1988)); *see Niemi*, 770 F.3d at 1348; *see also* 12 Okla. Stat. § 2004(F).

"In order to evaluate whether the exercise of personal jurisdiction comports with due process," the court "must first assess whether 'the defendant has such minimum contacts with the forum state that [it] should reasonably anticipate being haled into court there.'" *Niemi*, 770 F.3d at 1348 (quoting *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159-60 (10th Cir.

2010)). If a defendant has minimum contacts with the forum state, the court then determines "whether the exercise of personal jurisdiction over [that] defendant offends traditional notions of fair play and substantial justice." *Id.*

The minimum contacts standard may be satisfied by showing general or specific jurisdiction. *Id.* Specific jurisdiction exists "'if the defendant has purposefully directed his activities at the residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Intercon*, 205 F.3d at 1247 (quoting *Burger King*, 471 U.S. at 472). When a plaintiff's claim does not arise directly from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's contacts with the forum state. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414–16 & n.9 (1984). "[D]ue process is not offended by a State's subjecting the corporation to its in personam jurisdiction when there are sufficient contacts between the State and the foreign corporation." *Id.* at 415. Thus, "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. __, __, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. __, __, 131 S. Ct. 2846, 2851 (2011)). The inquiry "calls for an appraisal of a corporation's activities in their entirety," and a "corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 762, n. 20.

State Farm does not dispute that the Court has general jurisdiction over it, but instead argues that, if the Court were to exercise its general jurisdiction, it would "offend traditional notions of fair play and substantial justice." (*See* Doc. 22 at 9). State Farm "does not dispute the fact that it has continuous, systematic, general business contacts within the State of Oklahoma."

5

(Doc. 22 at 9-10). Thus, State Farm's argument is that the exercise of general jurisdiction would burden the defendant in this forum and would interfere with Kansas's alleged interest in adjudicating this dispute. (*See id.* at 10-11). State Farm argues that it would be a burden because the accident happened in Kansas, but it does not explain how that would burden State Farm, an Illinois corporation, any greater than would suit in Oklahoma. Any witnesses to the accident in Kansas are not necessary witnesses to this action, as those witnesses would seemingly have no knowledge regarding State Farm's post-judgment payment on behalf of its insured, the third-party tortfeasor's estate, or of any issue regarding the Oklahoma workers' compensation paid to Mr. Dawson.

State Farm argues that the parties to this action are not Oklahoma residents and the events giving rise to the Kansas case did not occur in Oklahoma. The parties are also not residents of Kansas, but are incorporated and have principal places of business in Illinois and Connecticut. State Farm has not explained why litigating this dispute in Oklahoma would burden it any more than it would burden it by litigating in Kansas. Moreover, Hartford alleges in its Complaint that Dawson's employment agreement was made in Oklahoma, and he accepted benefits under Oklahoma's statutory workers' compensation scheme. It is a combination of those Oklahoma workers' compensation payments and State Farm's payment in connection with the Kansas litigation that form a substantial basis for Hartford's claim. Given State Farm's undisputed "continuous, systematic, general business contacts within the State of Oklahoma" (Doc. 22 at 9-10) and the foregoing facts, the Court finds and concludes that the exercise of general jurisdiction over State Farm is appropriate and does not offend traditional notions of fair play and substantial justice. State Farm's motion to dismiss based on lack of personal jurisdiction will be **denied**.

### D. Venue is proper

State Farm moves for dismissal or transfer to Kansas, based on its allegation that venue is improper here. A civil action may be brought in a judicial district "in which [the defendant] resides," or "in which a substantial part of the events or omissions giving rise to the claim occurred" or "if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). For purposes of venue, a defendant corporation is "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). As there is personal jurisdiction over State Farm in Oklahoma, venue is proper under § 1391.

Venue is also proper in this Court under § 1391(b)(2) because a "substantial part of the events or omissions giving rise to the claim occurred" via the Oklahoma workers' compensation court. State Farm argues that the settlement of the Kansas suit occurred in Kansas, which is true. However, venue can be proper in multiple districts. *ConocoPhillips Co. v. Jump Oil Co.*, 948 F. Supp. 2d 1272, 1282 (N.D. Okla. 2013) ("Section 1391(b)(2) does not require that a court determine which judicial district has the most substantial connection to the case but, instead, venue may be proper in multiple districts as long as a substantial part of the events or omissions giving rise to the case occurred in those districts"). In this case, Hartford alleges that Dawson's employment agreement was made in Oklahoma, he elected to accept benefits under Oklahoma's statutory workers' compensation scheme, and the workers' compensation action took place in Oklahoma, such that venue is proper here. State Farm's motion to dismiss for lack of venue will be **denied**.

In the alternative, State Farm requests that this case be transferred to the United States District Court for the District of Kansas pursuant 28 U.S.C. § 1404(a). Under § 1404(a), the district court is granted discretion to decide the proper venue. *See, e.g., Palace Exploration Co. v. Petroleum Dev. Co.,* 316 F.3d 1110, 1121 (10th Cir. 2003). In considering a motion to transfer, courts should weigh several factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and [ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)). Further, the "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

State Farm argues that the case should be transferred to Kansas for the convenience of the parties and witnesses. (Doc. 22 at 14). As noted, any witnesses to the accident are not necessary witnesses in this action between Hartford and State Farm, and although there may be one or more witnesses in Kansas who may not be subject to compulsory process for trial in Oklahoma, State Farm has not suggested that video depositions of such witnesses could not be taken and utilized at trial, as occurs in numerous federal trials throughout the country. State Farm has not established a basis for transfer, and the plaintiff's choice of forum outweighs any minor inconvenience of litigating here. State Farm's motion to transfer will be **denied**.

**III.    Conclusion**

For the foregoing reasons, State Farm's motion (Doc. 22) is **denied**.

SO ORDERED this 3rd day of August, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE